## CORY et al. v. PENCO.

(Circuit Court of Appeals, Third Circuit. September 30, 1896.)

ADMIRALTY APPEALS—ADDITIONAL ASSIGNMENTS OF ERROR.

In an admiralty suit the circuit court of appeals may, on motion, and for cause shown, permit the filing therein of additional assignments of error, to cover points not specifically included in the original assignments.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a libel in admiralty by Domenico Penco, master of the bark Armonia, against John Cory & Sons, owners of the steamship Redruth, to recover damages caused by a collision between the two vessels. In the district court a decree was entered for the libelant (67 Fed. 362), and the respondents appealed. The appellants have now moved this court, for the reasons given in the affidavit set out below, for leave to file certain further assignments of error, or, in the alternative, that the cause be remanded to the district court with leave to the appellants to file such assignments of error there, and have the same added to the record, and the record then returned to this court, pursuant to the appeal. The additional assignments of error which the appellants desire to file are as follows:

The appellants assign further error to the final decision of the district court herein, as follows: (a) For that the court omitted to find and hold that the only negligence, if any, of those on board the Redruth, which contributed to the collision, was that of a compulsory pilot. (b) For that the court omitted to find and hold that the respondents and appellants, in an action in personam, were not liable for damages caused by the negligence of a pilot compulsorily employed.

The allegations of the affidavit filed in support of this motion were as follows:

J. Parker Kirlin, being duly sworn, says: I am one of the counsel for the appellants herein, and personally tried the case on the merits before Judge

Butler in the district court. The case was one arising upon the libel of Domenico Penco, as master of the Italian bark Armonia, against John Cory and James Herbert Cory, owners of the English steamship Redruth, for damages sustained in a collision between the vessels in Delaware Bay on the morning of the 22d of April, 1893. Process of foreign attachment was issued under the libel, and levied upon the appellants' steamship Ruperra. No process was ever issued against the Redruth; said vessel being absent from the jurisdiction at the time the libel was filed, and at all times thereafter, down to the present. At the time of the said collision said steamship Redruth was in charge of, and being navigated by, Henry C. Long, a Pennsylvania pilot; the vessel being then upon the pilotage grounds, to wit, between the Ledge light and Brandywine light, in the Delaware Bay. It was alleged in the libel (article 10) that the collision was "caused solely by the negligence of the officers and crew of the said steamship Redruth" in failing to avoid the bark which was lying at anchor,—an allegation which was denied in the tenth article of the amended answer. One of the principal issues litigated in the district court was as to whether the Armonia was exhibiting an anchor light, as required by law, at the time of the collision. Judge Butler sustained the libelant's allegation that the light was up (67 Fed. 362, 365), and had been reported to the pilot by the lookout. In his opinion, he says: "The pilot recollects the report [of the light], but explains that the light was not on the bark. The explanation, however, is not very satisfactory." Id. p. 365. The lookout, the wheelman, and the pilot, and the pilot of another ship, which went down a few moments before, testified there was no light upon the bark; but, assuming the court's finding to be correct,—that the light was up,—the responsibility of avoiding it would appear to have rested with the pilot, as the second officer, who was on the watch, would not ordinarily be expected to distinguish fixed lights from vessel lights, nor to interpose to take the control of the vessel away from the pilot, when approaching a light on pilotage grounds. It has been decided by the honorable William G. Choate, Ex-Judge of the United States district court for the Southern district of New York, acting as referee in the case of Homer Ramsdell Transp. Co. v. Compagnie Generale Transatlantique, 63 Fed. 845, that the shipowner is not liable in an action in personam for damages caused by the negligence of a pilot compulsorily taken, for the reason that such pilot is not his servant nor his agent. The volume (63) of the Federal Reporter in which this case was reported was not delivered to the profession in New York, as I am advised, until the month of March, 1895, during which this case was tried before Judge Butler. In point of fact, the decision did not come under my notice for considerable time thereafter. As this matter had not been discussed or decided, so far as I am aware, in an admiralty case, for many years, the point, although in my judgment well founded, was not discussed before or decided by Judge Butler in the district court, and accordingly was not made the subject of a specific assignment of error. It is material and important for the interest of the appellants, in my judgment, that they should have an opportunity to take the judgment of the court upon this point upon the appeal, which it has been decided is a new trial; and although, perhaps, some of the assignments of error already filed are broad enough to cover the point, leave is respectfully asked to file distinct assignments of error in this court, giving clear notice of the point, or, in the alternative, and if that be the correct practice, that the cause be remanded to the district court, with directions to have the assignments of error added in that court, and the record thereafter returned, as amended, for consideration pursuant to the appeal.

Henry R. Edmunds and J. Parker Kirlin, for the motion, filed a brief, which, so far as it related to the authority of this court to permit the filing of additional assignments of error here, read as follows:

The court has jurisdiction to permit further assignments of error to be filed here. In section 11 of the act establishing this court (chapter 517 of the Acts of 1891), it is provided: "And all provisions of law now in force, regulating the methods and system of review through appeals, or writs of error, shall regulate the methods and system of appeals and writs of error provided for

in this act, in respect to the circuit court of appeals." The method and system of review through appeals in admiralty cases, thus referred to, was the system applicable to an appeal to the circuit court. Under that method and system an appeal in admiralty was a new trial, in which it was the right of a party to have the case completely retried upon new pleadings, and upon other testimony. In The Charles Morgan, 115 U. S. 75, 5 Sup. Ct. 1175, the court said: "In The Lucille, 19 Wall. 74, it was decided that an appeal in admiralty from the district court to the circuit court has the effect to supersede and vacate the decree from which it was taken. A new trial, completely and entirely new, with other testimony and other pleadings, if necessary, or if asked for, is contemplated,—a trial in which the judgment of the court below is regarded as though it had never been rendered." Amongst the provisions of law relating to appeals which were in force at the time the act of 1891 was passed was section 862 of the Revised Statutes, which provided: "The mode of proof in causes of equity and of admiralty and maritime jurisdiction shall be according to the rules now or hereinafter prescribed by the supreme court." Admiralty rule 50, which was thus given the effect of a statute, provided: "When oral evidence shall be taken down by the clerk of the district court, pursuant to the above mentioned section of the act of congress [section 30 of September 24, 1789], and shall be transmitted to the circuit, the same may be used in evidence on the appeal, saving to each party the right to take the depositions of the same witnesses or either of them, if he should so elect." The conclusion from these provisions of law seems irresistible that congress intended to preserve and continue in force the former system of new trials in admiralty cases on appeal, and that this court would have jurisdiction to permit entirely new pleadings in the present case, and to permit the examination of the witnesses called in the district court, as well as the examination of new witnesses; and apparently, under rule 50, "the right to take the depositions of the same witnesses, or either of them, if he should so elect," is absolute.

It has been decided in some of the circuits that the present appeal in admiralty is a new trial. The Havilah, 1 U. S. App. 1, 1 C. C. A. 77, and 48 Fed. 684. In Burrill v. Crossman, 35 U. S. App. 608, 16 C. C. A. 381, and 69 Fed. 747, new pleadings were permitted to be filed in the circuit court of appeals, and evidence there taken in a cause which was decided in the district court on exceptions. Rule 11 of this court (11 C. C. A. cii., 47 Fed. vi.), providing that assignments of error shall be filed with the clerk of the court below, does not cover a case where, from inadvertence or oversight, some material error may not have been assigned, and the defect is sought to be cured by stating further assignments. The jurisdiction of the court, extending, as it does, to the retrial of the whole cause, and a restatement of the issues, would seem plainly to include power to permit additional or amendatory assignments of error; and not to permit a further assignment in such case, upon seasonable application, would amount to a virtual qualification of that part of the act of 1891 which saves to the appellant his right to a full trial de novo. Under the former practice, the supreme court sanctioned a wide latitude in bringing up wholly new matters upon appeal. In Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 474, the question of applying foreign law was considered by the court, although it had not been raised in the district court, and no application had been made to raise it in the circuit court until after the decision there had been rendered. The supreme court nevertheless considered the question, but, finding foreign law was not to be applied, it had no occasion to make an actual ruling on the question of permitting an amendment, but plainly intimated that, if it had found the point well grounded, an amendment would have been permitted even at that late day. The court said: "But it appears by the supplemental record, certified to this court in obedience to a writ of certiorari, that after the circuit court had delivered its opinion and filed its findings of fact and conclusions of law, and before the entry of a final decree, the appellant moved for leave to amend the answer by averring the existence of the British law, and its applicability to this case, and to prove that law, and that the motion was denied by the circuit court because the proposed allegation did not set up any fact unknown to the appellant at the time of filing the original answer, and could not be allowed under the rules of that court. The Montana, 22 Blatchf. 402–404, 22 Fed. 730. On such a question we should be slow to overrule a decision of the circuit court. But we are not

'prepared to say that if, upon full consideration, justice should appear to re-'quire it, we might not do so, and order the case to be remanded to that court, 'with directions to allow the answer to be amended, and proof of the foreign 'law to be introduced. The Adeline, 9 Cranch, 244, 284; The Marianna Flora, 11 Wheat. 1, 38; The Charles Morgan, 115 U. S. 69, 5 Sup. Ct. 1172; Insurance Co. v. Allen, 121 U. S. 67, 7 Sup. Ct. 821; The Gazelle, 128 U. S. 474, 9 Sup. Ct. 139.

Neither of the parties can justly claim that the rule which exempts the ship-owner from liability for default of a compulsory pilot would operate harshly upon their rights, because such is the law both of Italy, to which the Armonia belonged, and of England, the home of the appellants. In Autran's Code In-ternational de L'Abordage Maritime, the law of Italy on this subject is stated as follows: "If a vessel, which is placed under the direction of a pilot, causes damage to another vessel, the pilot only responds for the damage. Neither the captain nor the owner of the vessel shall be civilly responsible." As au-thority, Mr. Autran cites a decision of the court of cassation of Florence, March 23, 1876, reported in Clunet (1878) p. 91. It is found in The China, 7 Wall. 53, that the English law is to the same effect.

Henry Flanders, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and WALES, District Judge.

ACHESON, Circuit Judge. The court grants the appellants leave to file further assignments of error, in form and substance as set forth in Exhibit A, attached to the affidavit of J. Parker Kirlin.