## COOK v. SMITH.

(Circuit Court of Appeals, Third Circuit. October 3, 1910. On Reargument, April 26, 1911.)

### No. 17 (1,323).

1. SEAMEN (§ 29*)—PERSONAL INJURIES—LIABILITY OF SHIPOWNERS.

Libelant, 17 years old and employed as mess boy on a steamer, was ordered to help with a hawser as the vessel was being towed from a dock, and while so working his leg became entangled in the hawser and was torn off. Such work was not within the scope of his employment, and he was inexperienced. *Held*, that such facts imposed on the owners of the vessel the duty of giving him proper instruction, which not having been done, and libelant not being chargeable with contributory negligence, rendered them liable for his injury.

[Ed. Note.—For other cases, see Seamen, Dec. Dig. § 29.*]

2. SHIPPING (§ 208*)—ACTIONS FOR PERSONAL INJURIES—LIMITATION OF LIABILITY OF PART OWNER.

Act June 26, 1884, c. 121, § 18, 23 Stat. 57 (U. S. Comp. St. 1901, p. 2945), which provides that "the individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole," is applicable to cases of personal injury; and the proportion of a part owner's liability for damages in case of a personal injury, if the injury occur without the privity or knowledge of any of the owners, is the proportion which his interest in the vessel bears to all the interests therein, and not more.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 208.*]

3. SHIPPING (§ 207*)—ACTION FOR PERSONAL INJURIES—LIMITATION OF LIABILITY—WAIVER.

The right of a part owner of a steamship to a limitation of his liability for a personal injury to the proportion of the damages which his interest in the vessel bears to all the interests, given by Act June 26, 1884, c. 121, § 18, 23 Stat. 57 (U. S. Comp. St. 1901, p. 2945), is a personal one, which may be waived, and is so waived where, after suit against a part owner for injury to a seaman, he files a petition for limitation of his liability "to the amount of the value of his interest" in the vessel, makes no request for further limitation in the trial court, and, after the amount of damages has been fixed, stipulates with the claimant for a reduction of such amount.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 207.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

4. ADMIRALTY (§ 109*)—REVIEW ON APPEAL—ASSIGNMENTS OF ERROR.

The review of a decree in admiralty on appeal is limited by the assignments of error.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 109.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

Proceeding in admiralty by Henry W. Cook for limitation of liability. From a decree awarding damages to Robert Smith (Archbald, District Judge, not agreeing), petitioner appeals. Affirmed.

See, also, 164 Fed. 628.

John F. Lewis, for appellant.
John M. Patterson, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHIBALD, District Judge.

LANNING, Circuit Judge. Robert Smith, a minor 17 years of age, brought suit in one of the courts of common pleas of Philadelphia against Henry W. Cook and two others, owners of the steamship John J. Hill, for damages for personal injuries. Cook was the only one of the three defendants served with process. Smith was employed on the steamship as mess boy. Early on the morning of August 15, 1902, while the vessel was tied to a dock in Philadelphia, Smith was helping with a hawser as the steamship was being towed from the dock. While engaged in this work his right leg became entangled with the hawser and was torn off just below the knee. His claim in the common pleas was for $30,000.

After Cook had been served with process issued out of the court of common pleas, he filed in the District Court of the United States for the Eastern District of Pennsylvania his petition, alleging that he was the owner of but one-third part of the steamship, that the claim was for a sum in excess of the value of his interest in the vessel, that Smith was a member of the crew of the vessel, that the accident was due to Smith's negligence, or to the negligence of his fellow servants, and not to that of the petitioner or any of the officers of the steamship, and that the petitioner was—

"entitled to have limited his liability as owner of one-third of said steamship (if any such liability shall hereafter be found to exist) to the amount of the value of his interest in said steamship."

The prayer was that the petitioner might be declared entitled to the benefits of the acts of Congress contained in Revised Statutes. §§ 4283, 4284, and 4285 (U. S. Comp. St. 1901, pp. 2943, 2944), and those approved June 26, 1884, and June 19, 1886; that the interest of the petitioner in the steamship be appraised, and he be permitted to give stipulation for the value thereof, or pay said value into court "for the benefit of the plaintiff in said action brought against your petitioner in the premises"; that the further prosecution of the action in the court of common pleas be restrained; and that the District Court proceed to adjudicate the matter, and—

"if it shall adjudge that your petitioner, or the said steamship, or either, are liable, then that the liability of the petitioner shall be limited to the amount of the value of his interest in said steamship immediately after the accident."

There was also a general prayer for such other and further relief as in law and justice the petitioner might be entitled to receive.

The commissioner to whom the cause was referred by the District Court reported the petitioner to be liable, and that Smith's damages were $6,000. After the commissioner's report had been filed, and after the District Court had heard argument in the case and filed an opinion (not yet published), in which the facts were carefully reviewed and the vessel held liable, the proctors for the respective parties entered into this stipulation:

"It is hereby stipulated and agreed by and between the proctors for the respective parties in the above case that the report of the commissioner may be modified, by reducing the award to the claimant therein from $6,000 to

$5,000, and that a decree may be entered in favor of the claimant for said sum of $5,000."

This stipulat:.n was dated November 15, 1909, and on November 22, 1909, the following final decree was entered:

"And now, to wit, this 22d day of November, A. D. 1909, this cause having been heard upon pleadings and proofs, and after argument by the proctors of the respective parties, and the court having filed its opinion holding the vessel responsible for the injuries sustained by the libelant and directing that a decree be entered accordingly, and the matter having been referred to a commissioner to ascertain and compute the amount of damages suffered by the libelant, and the commissioner having filed his report awarding to the libelant the sum of $6,000, and said award having been modified by the consent of the proctors of the respective parties, by reducing the same to the sum of $5,000, now, on motion of John M. Patterson and Cornelius Haggarty, Jr., proctors for the libelant, it is ordered, adjudged, and decreed that the libelant have and recover from the respondent Henry M. Cook, part owner of the steamship John J. Hill, and his stipulator, the Fidelity Trust & Deposit Company of Maryland, the sum of $5,000, together with the sum of $387.75 costs."

The value of Cook's ownership was appraised at $8,000. Two questions are presented by the appeal: First, do the proofs show that Cook, as part owner of the steamship, is liable to Smith in any sum whatever? and, second, if so, should not the decree be limited to one-third of the sum of $5,000?

[1] On the first of these questions the appellant contends that there was no negligence on the part of any of the officers of the steamship; that, if there was negligence at all, it was the negligence of Smith's coservants; that Smith engaged voluntarily in the work and without orders so to do; and that he was himself guilty of contributory negligence. As stated above, Smith was employed as mess boy. It was not within the scope of his ordinary duties to help with the hawsers. The evidence as to whether he was a volunteer in the work and as to the question of negligence is conflicting. It has been fairly and impartially reviewed by the judge of the District Court. While his findings of fact are not conclusive upon us, we adhere to the uniform practice in this and other circuits in treating with great respect the conclusions of the District Judge on conflicting evidence. But we have carefully read the evidence, and have independently arrived at these conclusions: That Smith was ordered to help with the hawser; that the order was not within the scope of his employment; that he had been employed but a short time on the steamship, and was not accustomed to the work of handling the hawsers of the vessel; that his youth and inexperience in the work laid upon the owners of the steamship the duty of giving him proper instruction; that such instruction was not given; that he was not guilty of contributory negligence; that the rule concerning negligence of a coservant is not applicable; and that Cook, the appellant, is liable. We do not deem it necessary in this opinion to consider in detail the evidence on these various subjects, as we are satisfied with the District Judge's comments thereon.

[2] The second question is one of law. Section 4283 of the Revised Statutes is as follows:

"The liability of the owner of any vessel * * * for any act, matter or thing, loss, damage or forfeiture, done, occasioned or incurred without the

privity or knowledge of such owner or owners shall in no case exceed the amount or value of the interest of such owner in said vessel and her freight then pending."

This section was inserted first in Act March 3, 1851, c. 43, § 3, 9 Stat. 635. For a time there was doubt whether the limited liability therein prescribed was applicable to a case of damages for personal injury, but in Butler v. Boston Steamship Company, 130 U. S. 527, 552, 9 Sup. Ct. 612, 617 (32 L. Ed. 1017), Mr. Justice Bradley declared:

"We think that the law of limited liability applies to cases of personal injury and death, as well as to cases of loss of or injury to property."

This construction was reaffirmed in Craig v. Continental Insurance Co., 141 U. S. 638, 12 Sup. Ct. 97, 35 L. Ed. 886.

By section 18 of the act of June 26, 1884 (23 Stat. 57, 4 Fed. Stat. Ann. 852), it is further provided:

"That the individual liability of a steamship owner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessel and freight pending."

Concerning this provision, Mr. Justice Bradley, in the Boston Steamship Company's Case above referred to (130 U. S. 553, 9 Sup. Ct. 618 [32 L. Ed. 1017]), said:

"The act of Congress passed June 26, 1884, entitled 'An act to remove certain burdens on the American merchant marine, etc.,' has a section (section 18) which seems to have been intended as explanatory of the intent of Congress in this class of legislation. It declares that the individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessel and freight pending. The language is somewhat vague, it is true; but it is possible that it was intended to remove all doubts of the application of the limited liability law to all cases of loss and injury caused without the privity or knowledge of the owner. But it is not necessary to decide this point in the present case."

In O'Brien v. Miller, 168 U. S. 287, at page 303, 18 Sup. Ct. 140, at page 146, 42 L. Ed. 469, the Supreme Court seems to have entertained no doubt as to the effect of the provision. There it is said:

"Section 4283 was amended by the act approved June 26, 1884, so as to do away with the restrictions upon the character of debts and liabilities against which the limitation might be asserted. This amendment, however, is not material to the question now considered."

Although a construction of the act of June 26, 1884, was not called for in either of the above cases, we think it clear that the act is applicable to cases of personal injury, and that the proportion of a part owner's liability for damages in a case of personal injury, if the injury occur without the privity or knowledge of any of the owners, is the proportion which his interest in the vessel bears to all the interests therein, and not more. The act is entitled "An act to remove certain burdens on the American merchant marine and encourage the American foreign carrying trade, and for other purposes." One of its purposes evidently was to encourage our merchant marine by relieving

part owners of ships of some of the liabilities theretofore imposed on them. By section 4, c. 421, Act June 19, 1886 (24 Stat. 80), section 4289 of the Revised Statutes (U. S. Comp. St. 1901, p. 2945) was amended to extend the privileges granted to part owners of ships by section 18 of the act of June 26, 1884, to part owners of all seagoing vessels and all vessels used on lakes or rivers or in inland navigation, and all canal boats, barges, and lighters. The intent of Congress was to break up the solidarity of responsibility.

"The well-known object of this statute," said Judge Webb in The Giles Loring (D. C.) 48 Fed. 463, 475, "was the increase of American shipping by the reduction of the burdens of ship owners. That end would be promoted by discharging part owners from a liability in solido for the debts of each other. A construction giving such discharge is inconsistent with the act, conforms with the intention of Congress, and regards strictly the defect to be corrected."

[3] But the right to insist upon such limitation of liability is a personal one, and may be waived by the person possessing the right. In this case we think it has been waived. Cook did pray, in a general way in his petition:

"That he may be declared entitled to the benefits of the acts of Congress contained in Revised Statutes, §§ 4283, 4284, and 4285, and those approved June 26, 1884, and June 19, 1886."

But, in the averments of the petition preceding the prayer, he declared that he claimed to be entitled—

"to have limited his liability as owner of one-third of said steamship (if any such liability shall hereafter be found to exist) *to the amount of the value of his interest in said steamship.*"

If he had set forth a claim that his liability should be limited to one-third of the damages proven, not exceeding the value of his interest in the steamship, he would have brought himself within the provisions of the act of June 26, 1884. As it was, his claim was based on section 4283, and not on the act of June 26, 1884. The District Court seems so to have regarded the case. It was evidently tried on that theory. The commissioner awarded against Cook the full damages sustained by Smith, which the commissioner found to be $6,000. That amount was $2,000 less than the value of Cook's interest in the vessel. When the case was argued before the District Court, the question as to whether the amount recoverable from Cook should be limited to one-third of $6,000 does not seem to have been broached. If it had been, it is highly improbable that Smith's proctors would have consented to reduce the amount of the decree from $6,000 to $5,000.

[4] Nor is the failure of the District Court to limit its decree to one-third of the total damages sustained by Smith assigned as error in this court. There are nine assignments of error. They are: (1) In finding that the steamship and her owners were liable in damages to the claimant for the injuries he sustained; (2) in failing to find that the claimant's injuries were sustained solely through his own negligence, without fault or privity of the steamship or her owners; (3) in failing to find that the claimant sustained injuries while voluntarily

and without orders undertaking to do the thing in which he was engaged at the time of the accident; (4) in finding that the claimant's injuries were sustained while in the performance of duties not within the scope of his employment, with the nature and danger of which he was not acquainted, under orders; (5) in finding that the work in which the claimant was engaged at the time of receiving his injuries required neither skill nor experience, and therefore needed no special instruction; (6) in failing to find that the proximate cause of the accident was the claimant's own negligence in stepping on a moving coil of rope; (7) in failing to find, if there was any negligence other than that of the claimant himself, that it was the negligence of a fellow servant, for which the vessel and her owners were not responsible; (8) in entering a decree for the claimant for damages and costs; and (9) in not dismissing the claimant's claim.

In Benedict's Admiralty, § 628, the author expresses it as his opinion that the practice of making assignments of error is inappropriate in admiralty proceedings. In this court, however, it has been the practice to require assignments of error in all appeals in admiralty, as well as in equity and bankruptcy cases, and in cases brought up on writs of error. In an appeal in equity, or in bankruptcy, as well as in admiralty, the whole case, within the limits fixed by the assignments of error, is retried. We perceive no more impropriety in requiring assignments of error in appeals in admiralty than in equity or bankruptcy. Rule 11 of this court (150 Fed. xxvii, 79 C. C. A. xxvii) requires them to be filed by the plaintiff in error or the appellant, whatever the nature of the case may be. Assuming for the purposes of this case that a Circuit Court of Appeals should review the facts as well as the law in admiralty cases brought up on appeal, as several of the Circuit Courts of Appeals have held (see 4 Fed. Stat. Ann. p. 559), it is nevertheless a court of review, and there is no hardship or impropriety in requiring appellants to point out by their assignments of error the matters of fact or of law that they wish to have reviewed. The necessity of such assignments was assumed by this court in Cory v. Penco, 76 Fed. 997, 22 C. C. A. 675.

As the point now raised does not seem to have been presented to the District Court, as in the decree of the District Court it appears that the amount of damages to be inserted therein was by consent reduced from $6,000 to $5,000, and as the point is wholly outside of the scope of the assignments of error here, we think it is too late now for the appellant to obtain any further limitation of his liability than that to which he is entitled under section 4283 of the Revised Statutes. The further limitation which he might have obtained under the act of June 26, 1884, if he had made seasonable claim therefor, has been waived.

The decree of the District Court is therefore affirmed, with costs.

ARCHBALD, District Judge (concurring). I agree to the disposition made of the case on the merits, and to the affirmance without modification of the decree below. But I do not agree that the right to the benefit of the act of 1884 has been waived by anything which has occurred, but only that the question has not been properly raised.

The prayer of the petition, on which the proceedings are founded, is that the liability of the petitioner shall be limited to the value of his interest in the steamship immediately after the accident; and this relief he got. Assuming (this being an admiralty case) that it is not too late, by appropriate proceedings, to still further limit his liability here, so as to hold his interest only for its proportionate share, as provided in the act referred to, there is nothing before the court on which this can be rightly done. Neither by assignment of error, petition, nor motion filed, is the aid of the court in this direction invoked. The right is asserted for the first time in argument at bar, and we are practically asked to go outside of the record to grant this new relief. This is not in accordance with due and orderly procedure, and is therefore properly refused.

### On Reargument.

John F. Lewis, for appellant.
John G. Johnson, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and YOUNG, District Judge.

PER CURIAM. Upon the reargument of this case the appellant has again contended that this court should reduce the amount of the decree of the District Court from $5,000 to one-third of that sum. Motion is made for leave to amend the record and to file an additional assignment of error. With such amendments it is supposed the reduction may be made. But we are of the contrary opinion. Whatever power of amendment a Circuit Court of Appeals may ordinarily have on an appeal of a case in admiralty, we are satisfied that in this case the decree of the District Court ought not to be reduced. The parties themselves agreed to a reduction from $6,000 to $5,000, and on that agreement the decree was entered. We adhere to our former conclusion.

The decree will be affirmed, with costs.