# THE SANTA BARBARA.

## (District Court, E. D. New York. December 26, 1918.)

1. SEAMEN ⬿29(5)—INJURY—EVIDENCE.

On libel by an ordinary seaman, who was ordered to rig a boatswain's chair to paint a smokestack, and who, being unable to pass a rope through a pulley sheave, became exhausted while climbing down a guy rope and fell, evidence *held* to show that the owners of the vessel failed to supply and maintain in good working order the pulley and chain which the seaman was required to use.

2. SEAMEN ⬿29(1)—INJURIES TO SEAMAN—DUTIES REQUIRED.

It is improper to require an ordinary seaman, who was a minor, to climb a guy rope hand over hand, and hold fast thereto, while working a rope through a block.

3. SEAMEN ⬿11—INJURIES TO SEAMAN—MAINTENANCE AND CURE.

Where a seaman, who was injured, was given the best medical attention available, and the advice of physicians was followed, and it did not appear that the ship failed to pay his wages, he was not warranted in leaving the hospital in which he was placed without good reason, and cannot, having removed to his home, recover for maintenance and cure.

4. SEAMEN ⬿29(1)—INJURIES TO SEAMAN—LIABILITY FOR INJURIES.

Where an ordinary seaman was directed to do the work of an able seaman in climbing a guy rope and passing a rope through a pulley, and the pulley and chain were not in good working order, *held*, that the owner was liable for an injury received by such seaman when, becoming exhausted, he dropped to the deck.

5. DAMAGES ⬿132(6)—PERSONAL INJURY—MEASURE.

An award of $4,000 in favor of a minor, who shipped as an ordinary seaman and suffered a fractured knee, *held* sufficient compensation for his pain, suffering, and injury; it appearing that he was by no means disabled, although injury was to some extent permanent.

In Admiralty. Libel by Harris Applebaum, as guardian ad litem of Herman Applebaum, against the steamer Santa Barbara, her engines, etc. Decree for libelant for part only of the recovery sought.

Foley & Martin and J. A. Martin, all of New York City, for libelant.

James A. Hatch and Morton L. Fearey, both of New York City, for claimant.

GARVIN, District Judge. The libelant was injured on May 10, 1917, by a fall on the steamer Santa Barbara, while she was at Iquique, Chile. He claims that he was ordered by the boatswain to paint the smokestack of the vessel, which necessitated his climbing the guy leading from the smokestack on the upper deck to pass a rope through a sheave fastened at or near the top of the smokestack, and that in obedience to this order he climbed the guy and endeavored to pass the rope through the sheave, but that the pulley block was old, worn, and rusty, and that he was unable to work the rope through; that he finally became exhausted and started to descend the guy, about half way down falling to the deck and fracturing his knee.

He further claims that he did not receive proper medical attention and care, and that he is entitled to recover from the vessel, or its own-

ers, not only the amount expended for hospital care, medical care, and maintenance from July 19, 1917, and which still continues, but also an additional amount by way of damage in at least the sum of $25,000—all this by reason of the negligence of those who had the boat in charge, her owners, master, officers, and duly authorized agents. Various acts of negligence are specified, among others, knowingly allowing the block and pulley to become rusty, old, and unfit for use, and failing to have a chain run through the pulley block, by which a rope could have been drawn up, to which might be 'fastened a bo'sun's chain, which could be used by whoever should paint the stack.

The answer denies any negligence on the part of any one connected with the Santa Barbara, and sets forth that the boat was fully equipped with proper appliances and was in all respects seaworthy, and that any accident which occurred was caused by his negligence, or that of his fellow servants, or was due to an obvious risk, which he assumed, or in any event was not caused by negligence on the part of the Santa Barbara, its owners, officers, or crew, or any one for whom they may have been responsible.

It is undisputed that the libelant, an ordinary, not an able, seaman, was ordered by the boatswain to rig a boatswain's chair to paint the smokestack. Work of this character is done by able seamen. The ship itself had been about 18 months in commission, and there is nothing to indicate unseaworthiness, unless the evidence establishes that there was a failure to have the pulley block in working order and properly rigged with a chain or gaunt line.

[1, 2] Considerable testimony was offered by the libelant tending to show that all ships of this character are equipped with chains running through the pulley blocks, and the court is of the opinion that they should have been in place here.

The fact that there were no chains made the accident possible. There was conflicting evidence as to whether the pulley was in order, but the court considers the testimony of the libelant on this point more reliable, because it is natural that a pulley, at the top of the smokestack on a ship which is an oil burner, should become covered and clogged with oil soot. A pulley was received in evidence, but that it is the pulley involved and in the same condition of cleanliness as at the time of the accident cannot be credited. Further, it has been established that the libelant objected to going up the guy rope in order to rig the chain. As he was only an ordinary seaman, he should not have been required to do work of this character. He was ordered to climb this wire guy rope hand over hand, and was required to hold fast thereto, while working a rope through the block. This placed him in a dangerous position, with great likelihood that he would fall, and serious injury would follow.

[3-5] No proof was offered that the ship failed to pay libelant's wages, and there is nothing to justify a recovery for maintenance and cure. He was given the best medical attention available, the advice of the physicians was followed, and he was not warranted in arbitrarily leaving the Marine Hospital, without some good reason, and having treatment at home.

The court is of the opinion that, although libelant cannot recover for maintenance and care, he is entitled to a substantial sum for the injury, on the ground that the owners failed to supply and maintain in good working order the pulley and chain in question. The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760; Foster v. Bucknall S. S. Lines, 206 Fed. 415, 124 C. C. A. 297; The Noddleburn (D. C.) 28 Fed. 855; The Ethelred (D. C.) 96 Fed. 446.

The facts in the case of Cook v. Smith, 187 Fed. 538, 109 C. C. A. 304 (while not parallel to those in the case at bar), indicate that where a young boy is injured, as was the libelant here, he is entitled to compensatory damages. He was not guilty of contributory negligence. Cook v. Smith, supra. The libelant appeared in court, and, although his injury is to some extent undoubtedly permanent, he is by no means disabled, and an award, for his pain, suffering, and injury sustained, of $4,000, is sufficient.

Decree accordingly.