## THE BLAKELEY.

### PENDLETON v. NEWMAN et al.

(Circuit Court of Appeals, Third Circuit.    January 5, 1923.)

No. 2922.

1. **Admiralty ⬅⟶109—Assignment of error that court erred in rendering decree is insufficient.**

An assignment that the court erred in entering a decree sustaining the libel is not a sufficient assignment of error, under rule 11 of the Circuit Court of Appeals for the Third Circuit (224 Fed. vii, 137 C. C. A. vii), requiring the assignments to set out separately and particularly each error asserted and intended to be urged.

2. **Admiralty ⬅⟶109—Assignments of error must specifically point out errors.**

An assignment of error on appeal corresponds with the declaration or bill in an original action and is the only pleading, so that it is required definitely and specifically to point out the errors of the trial court brought up for review and correction, and, if it fails to do so, the errors will not be reviewed, unless the court, in pursuance of rule 11 of the Circuit Court of Appeals for the Third Circuit (224 Fed. vii, 137 C. C. A. vii), exercises its option to notice a plain error not assigned.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Libel in admiralty by Urie A. Newman and others against the steamship Blakeley, whereof Fields Pendleton is sole owner. Decree for the libelants, and the owner appeals. Affirmed.

Avery F. Cushman, of New York City, and Willard M. Harris, of Philadelphia, Pa., for appellant.

Howard M. Long, of Philadelphia, Pa., for appellees.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. The steamship "Blakeley," under charter to Leavitt Lusitania Salvage Company, was attached by process issued on a libel in rem filed by Newman and other mariners of the ship. These are the parties to the action.

The libellants, by their libel, made claims for seamen's wages and sought a maritime lien against the ship. The charterer, by its answer, admitted that the libellants' wages were due and unpaid, but denied a right of lien on two grounds: First, that each libellant was required as a condition precedent to his employment as seaman to become a stockholder in the charterer corporation; and, second, that the libellants, with all others aboard, were notified that the ship was not in any way liable for their wages while in port or on voyage. These are the pleadings.

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

There was no dispute about the evidence—a circumstance in an admiralty trial to which the learned trial judge adverted as worthy of comment. As the record contains no testimony, we gather from the opinion that the charter-party made the charterer responsible for all charges and expenses incurred by the ship. It appears, however, that the crew were engaged in the usual way. Waiver of the right of lien was not asked of them nor was the stipulation of the charter-party then made known to them. After articles had been signed and, in some instances, services rendered, a representative of the owner informed each member of the crew of the charter-party stipulation and of the owner's denial of the right of the crew to libel the ship for wages. Notices to like effect were posted about the ship. Some of the libellants received this notice without comment, others in open protest. None waived any right of lien that might exist. These are the facts of the case.

On these facts two questions were tried. The first was whether a ship can relieve itself of responsibility for seamen's wages by giving them notice. The learned trial judge said:

"We meet the broad question as above stated. The right of a sailor to a lien for wages is admitted. We start, because of this, with the proposition that there is a lien. The first question then is whether it has been waived. We find as a fact that there has been no express waiver or waiver in fact. The next question is whether any is implied by law from the two facts of a charter-party and notice. It is not easy to grasp the thought upon which a waiver can be predicated. If it is based upon contract, there was none, and no consideration for the agreement, if made. If it is based upon the charter-party, third parties could not barter away the rights of the crew. If it is based upon notice of the contract, the charterers could not change the law of lien by a mere protest against its application to them. The only basis left seems to be the equitable doctrine that a claim cannot be enforced against one who has been misled or enticed into a situation in which he will be prejudiced thereby. There can be no fact findings made in the instant case out of which any such equity arises. In addition to the failure to find a waiver, express or implied, is the obstacle to such finding presented by R. S. § 4535. That Statute is founded on public policy, and provides that no waiver of the right of seamen to their wages can be waived otherwise than by an agreement made in conformity to the requirements of that Act. No such waiver exists."

The next question was based on the fact that the charterer is a corporation and was in part financed by every seaman being required to become a stockholder. The learned trial judge refused to find that this fact makes the stockholders themselves the charterers, or that an employé forfeits his right to his wages and to a remedy for their collection by being a stockholder in the corporation which employs him. These were the questions of law raised and decided. On their decision the court entered a decree awarding the libellants a lien against the ship for their wages. From this decree the owner of the ship, appearing for the first time, took this appeal and, by the one assignment of error relied upon, charges that—

"The court erred in the following particulars: (1) In entering a decree sustaining the libel with costs."

Under this assignment of error the appellant challenges the jurisdiction of the District Court, and, accordingly, the validity of the

decree, asserting in his brief—against the silence of the record—that after seizing the ship the marshal did not cause a public notice thereof to be given in the manner required by Rule 10 of the New Admiralty Rules (267 Fed. ix), as he interprets that rule.

We have given the proceedings in some detail in order to show the relation—or difference—between the case on appeal and the case as tried. It will be observed that the appellant does not specify error in the decision of any question tried, nor in any step taken or anything done at the trial. His sole complaint is that—

"The court erred * * * in entering a decree sustaining the libel. * * *"

[1] This is not an assignment of error; it is rather an allegation of error. It specifies nothing; it merely declares that "the court erred," leaving as a subject matter for review whatever the appellant later may determine upon. This is contrary to the rule and opposed to the purpose of an assignment of error. Rule 11 of this court (224 Fed. vii, 137 C. C. A. vii) requires that—

"The plaintiff in error, or appellant, shall file with the clerk of the court below, with his petition for the writ of error or appeal, his assignments of error, as required by Section 997 of the Revised Statutes, which shall set out separately and particularly each error asserted and intended to be urged. (See rule 14, section 6.)"

[2] The obvious reason for this rule is that an assignment of error on appeal corresponds, in its office, with the declaration or bill in an original action. 2 Tid. Pr. 1168; 3 Steph. Com. 623. In the reviewing court it is sometimes termed the complaint. It is regarded an essential part of the case. In this court, where on appeal it is the only pleading, an assignment of error is required, definitely and specifically, to point out the errors of the trial court brought up for review and correction. When it lacks the requisite specification it is, in legal effect, not an assignment of error at all· and the court will not consider it. Cook v. Smith, 187 Fed. 538, 543, 109 C. C. A. 304; The Wyandotte, 145 Fed. 321, 75 C. C. A. 117; The Natchez, 78 Fed. 183, 24 C. C. A. 49; 2 R. C. L. 159, 160; 3 C. J. 1347, 1348, 1357, 1358, 1359. True, this court like other courts may, either by suspending its rules, United States v. Breitling, 61 U. S. (20 How.) 252, 254, 15 L. Ed. 900, or in pursuance of positive rule (rule 11, C. C. A. 3d), notice a plain error not assigned, or insufficiently assigned. But this is entirely optional and is done only when, by some consideration arising out of the record, the court is moved in the interest of justice. As we discern no such error in the record as made, we are constrained to hold the appellant to the rule of pleading. Accordingly, we affirm the decree below.