### SIBONA v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   December 12, 1923.)

No. 3033.

I. Criminal law ☜785(4)—Refusal to charge testimony of paid detective looked on with suspicion not error.

It was not error to refuse to charge that, though testimony of a paid detective is evidential,· it is looked on with grave suspicion and is not regarded as much as testimony of an ordinary witness.

2. Criminal law ☜785(4)—Charge as to consideration of testimony held sufficient.

In a prosecution for unlawfully possessing intoxicating liquor, a charge that, in determining the truth of testimony of accused and his wife as against testimony of a paid detective, the jury must bear in mind the manner and appearance of the witnesses, the way in·which they answered questions, and the interest which they may have in the outcome of the litigation, held sufficient.

3. Criminal law ☜1169(3)—Admission of samples of seized liquor if error, held harmless.

In a prosecution for unlawfully possessing intoxicating liquor, admission of an alleged sample₁ of the liquor, if error, was harmless, in view of accused's admission that barrels from which the samples were taken contained raisin wine of more than 1 per cent. alcoholic content, though claiming that they belonged.to a person to whom he had given permission to store them in his cellar.

4. Criminal law ☜1008—Prosecution under National Prohibition Act reviewable as action at law, and not as on appeal.

A prosecution under the National Prohibition Act is an action at law, to be tried and reviewed on writ of error, according to the same rules applicable to actions brought under any other federal statute, and is not reviewed as on appeal in equity.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ☞1129(3)—General assignments of error held invalid.**

Assignments of error that judgment and conviction were erroneous, because the court, over objection, permitted harmful, injurious, and illegal testimony to be admitted, because the verdict was illegal, erroneous, and contrary to law, because the judgment of sentence was illegal, void, and erroneous in law, and void in divers other respects, *held* invalid.

In Error to the District Court, of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Tony Sibona was convicted of maintaining a common nuisance by unlawfully keeping intoxicating liquor on his premises for beverage purposes, and of unlawfully possessing intoxicating liquor, and he brings error. Affirmed.

Henry Marelli and J. Chester Massinger, both of Paterson, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, Asst. U. S. Atty., of Hoboken, N. J.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Sibona was tried, convicted, and sentenced upon two counts of an indictment, one for the maintenance of a common nuisance by unlawfully keeping intoxicating liquor on his premises for beverage purposes on April 30, 1922. The other count charged him with the unlawful possession of intoxicating liquor on the same premises on May 19th following.

[1, 2] The proofs show the premises were "fully equipped barroom with a big bar, glasses, work bench, bar in the front, tables and chairs around in the barroom"; that on Sunday, April 30, 1922, a private detective officer of the Anti-Saloon League, in company with an associate, visited Sibona's place. The pertinent part of his testimony was, if believed, sufficient to warrant a conviction on the common nuisance count. It was contradicted by Sibona and his wife, and was submitted to the jury in a charge to which no exception was taken, and the jury evidently believed the witness for the government and did not believe the defendant and his wife. The only proper assignment, so far as this branch of the case is concerned, is that the court declined to affirm a point submitted by the defendant that "the testimony of a paid detective, under the law, is looked upon with grave suspicion, and, while evidential, is not regarded as much as the ordinary witness' testimony." There was no error in the court's refusal to so instruct, and, so far as credence is to be given this witness and the two Sibonas, the court fairly and fully covered the matter in its charge:

"Now, so much for that part of the government proof. As against that you should weigh the testimony of the defendant and of his wife, who was in the saloon, as I recall it, from time to time, who testified that they never saw this agent, who has testified with respect to this matter, and that they did not sell whisky to him or to any one else. There you must bear in mind that it is for you to determine where the truth lies, and in determining that you must bear in mind the manner of the witnesses on the stand, their appearance, the way in which they answer questions on direct and cross examination, and you must bear in mind, also, the interest which they may have in the outcome of the litigation."

[3] Referring to the other charge, the proofs show that subsequently, to wit, on May 19th, Sibona's premises were visited by a federal prohibition agent under a search warrant; that Sibona was found behind the bar; that two 50-gallon barrels of wine were found in the cellar, and two bottles of wine behind the bar. Some question was made as to whether an alleged sample of the contents of these two barrels was sufficiently identified, but we do not find in the record that such sample was admitted in evidence. But, in any event, its admission could have done no harm, for it was testified on the government's side that Sibona, when the seizure was made, admitted the barrels did contain strong raisin wine of more than 1 per cent. alcoholic content, but claimed they were not his, but belonged to some woman to whom he had given permission to store them in his cellar, a contention Sibona also made when he took the stand. The adverse verdict shows the jury did not credit Sibona's account, and found him guilty of having the wine in his possession.

[4, 5] We dispose of this case on two assignments of error, which, though of doubtful validity, we have with an effort construed to be sufficient. The case was argued as though it were brought in equity, and is here on appeal. It is a case at law, and is here on writ of error, to be tried according to the rules which apply in actions brought under the National Prohibition Act (41 Stat. 305), precisely as they apply in actions brought under any other federal statute. For the reasons assigned in The Blakeley (C. C. A.) 285 Fed. 348, we regard as invalid assignments of error like the following:

"The judgment and conviction of the said defendant is erroneous in law, because the court permitted certain testimony to be admitted, over the objection of the defendant, which testimony was harmful, injurious, and illegal; because the rendition of the verdict of guilty by the jury was illegal, erroneous, and contrary to law; because the judgment or sentence pronounced by the court is illegal, void, and erroneous in law; because the judgment, conviction, and sentence is illegal and void in divers other respects."

The judgment below is affirmed.