THE CITY OF BOSTON.

(District Court, D. Massachusetts. December 18, 1906.)

No. 1,765.

1. SHIPPING—PROCEEDING FOR LIMITATION OF LIABILITY—TIME FOR FILING CLAIM.

In a proceeding in admiralty for a limitation of liability, the court has discretionary power to permit the filing of a claim for damages after the expiration of the time fixed in the monition, in a proper case, and such permission will be granted where the claim was forwarded by mail to the clerk on the last day of such time and received before any action was or could have been taken respecting such claims.

[Ed. Note.—Limitation of liability of vessel owner, see note to The Longfellow, 45 C. C. A. 387.]

159 F.—17

2. SAME—ESTOPPEL TO MAINTAIN PROCEEDING—LITIGATION IN STATE COURT.

Prior litigation in a state court of the question of his liability growing out of a collision will not deprive a vessel owner of the right to institute proceedings in an admiralty court for a limitation of his liability, however far the prior litigation may have proceeded, and upon the institution of such proceedings all matters relating to the petitioner's liability are brought within the jurisdiction of the court of admiralty, which is required by admiralty rule 54 on motion of the petitioner to make an order restraining the further prosecution of all or any suit or suits against the petitioner in respect of any claim, and has no power to refuse or limit such order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Shipping, § 650.]

In Admiralty. Proceeding for limitation of liability. On petitions by Mary L. and Vernon B. Davenport for leave to file answers and proofs of claim after return day of monition, and on motions by Mary L. Davenport to dismiss the proceedings or for modification of restraining order.

John O. Teele, and Arthur P. Teele, for Winnisimmet Co.
William A. Davenport, for Mary L. and Vernon B. Davenport.

DODGE, District Judge. The monition issued April 16, 1906, directed the marshal to cite these petitioners and all other persons claiming damages by reason of the collision described in the petition for limitation of liability to appear on or before Friday July 20, 1906, to make proof of their claims. These petitioners were duly cited April 18, 1906, as appears by the return on the monition. With the monition was issued a restraining order enjoining these petitioners and all other persons claiming damage as above from prosecuting any claims for such damage save in these proceedings. These petitioners have been duly served with this order, also on April 18, 1906, as appears by the return thereon.

The petitioners live at New Salem, Mass. Their proctor lives in Greenfield, Mass. On July 20, 1906, written directions from him to the clerk to enter his appearance for them in this case were filed here. On July 21, 1906, answers to the petition for limitation of liability were received at the clerk's office from him, one on behalf of each of these petitioners, containing sworn statements of their respective claims, and also on behalf of the petitioner Mary L. Davenport two motions, one to dismiss the proceedings, the other to modify the restraining order so far as to permit her to prosecute to judgment a suit in the state court for her damages which she had commenced against the Winnisimmet Company before its petition in this court was filed. It appears that all these papers had been sworn to at Greenfield on July 20th and on the same day mailed to the clerk of this court. The Winnisimmet Company having moved to dismiss them from the docket because not filed within the time limited by the monition, these petitioners now ask that they be ordered filed as of July 20, 1906, or allowed to be filed late.

So far as the answers and proofs of claim are concerned, this is an application similar in its nature to an application to set aside a default and admit an answer in the case of an ordinary libel. By admiralty rule 29 the court has discretion to grant such an application

upon proper terms. No reason is perceived why a like discretion may not be exercised in limited liability proceedings. Admiralty rule 54 requires that all persons claiming damages be cited to appear at or before a certain time, but a citation of this kind appears to be no more absolute or peremptory in character than a summons to appear in answer to a libel at or before a certain time. No authority is found for the proposition that the court is without power to permit a damage claimant to intervene after the time named in the monition, whatever the circumstances. Such permission has been granted by this court in one case at least; in that instance the action of the court was assigned as error, but the point was waived at the argument. The H. F. Dimock, 77 Fed. 226, 239, 23 C. C. A. 123. While it is of course true that the object of the monition is to compel all damage claimants to come into this court within a definite period, in order that all parties concerned may be before the court before any further steps are taken, and while a claim is ordinarily to be treated as barred if not presented within the time limited in the monition, I think the court has power, in a proper case, to allow the presentation of a claim after that time has expired, and that the circumstances here shown make this a proper case for the exercise of that power. These answers and proofs of claim were received at the clerk's office before any of the steps to be taken after the filing of damage claims were or could have been taken. They may be treated as if filed in time, and the motion to dismiss them from the docket is overruled.

Having thus become a party to these proceedings, the petitioner Mary L. Davenport is entitled to a hearing upon her motions to dismiss and for a modification of the restraining order, and such hearing has now been had.

The motion to dismiss is based upon the contention that the Winnisimmet Company has submitted to the jurisdiction of a state court in the matter of Mrs. Davenport's claim, has thus waived, so far as she is concerned, its right to a trial of that claim in this court, and is estopped from requiring her now to litigate in this court.

The collision of which these proceedings are the result was on March 13, 1904. Mrs. Davenport, who claims to have been a passenger on the ferryboat belonging to the Winnisimmet Company, brought suit against the company August 26, 1904, in the Massachusetts superior court within and for the county of Franklin. The company appeared, answered, and went to trial before a jury in that suit. The trial was at the sitting of the court in November, 1905, and it resulted in a verdict against the company for $2,600. A motion by the company for new trial was overruled. It filed a bill of exceptions January 8, 1906. Its petition in this court was not filed until April 2, 1906. When it was filed, the allowance of its bill of exceptions was still pending in the superior court.

The Winnisimmet Company had without doubt ample time after the collision to file a petition for limitation of liability before Mrs. Davenport's suit against it came on for trial. It is true, as urged on her behalf, that allowing its petition to be filed here after the verdict in that suit is in effect allowing the company to take the chance of a verdict in the state court in its favor, but to hold in reserve at the same time

the power to defeat an adverse verdict by resorting to this court. It has been repeatedly held, however, that prior litigation of the question of his liability in the state courts will not deprive a vessel owner of the right to resort to an admiralty court for limitation of liability, however far the prior litigation may have proceeded. In The S. A. McCaulley (D. C.) 99 Fed. 302, there had been two years' litigation in the state court and a verdict against the petitioner. In Re Old Dominion S. S. Co. (D. C.) 115 Fed. 845, a judgment had been obtained against the petitioner. In Gleason v. Duffy, 116 Fed. 298, 54 C. C. A. 100, there had been a judgment against the petitioners from which they had appealed, and the state appellate court had affirmed the judgment. In The Ocean Spray (D. C.) 117 Fed. 971, there had been an adverse judgment, an appeal by the petitioner, and the state appellate court had reversed the judgment and remanded the case for a new trial. In Re Starin (D. C.) 124 Fed. 101, there had been two successive appeals by the petitioner from a state court judgment against him, the final result whereof had been affirmance of the judgment. These decisions are all based upon the principles declared in The Benefactor, 103 U. S. 239, 26 L. Ed. 157. In view of them and of the law as stated by the Supreme Court in that case, this petitioner cannot be regarded as having waived or lost its right to claim the benefit of the limited liability act, notwithstanding its delay in asserting its claim to that benefit here, and notwithstanding the contest it has maintained with regard to Mrs. Davenport's claim in the state court.

The Winnisimmet Company's petition is not therefore to be dismissed for any cause now shown, the proceedings thus far had under it are regular and valid, and Mrs. Davenport has been lawfully enjoined against prosecuting her claim against the company save in these proceedings. As to the modification of this order which she requests— once the jurisdiction of the District Court is invoked for the purpose sought in this case—it must be exercised according to admiralty rules 54–57. The restraining order has been made in pursuance of rule 54. Mrs. Davenport's claim is now one of those presented in pursuance of the monition issued under the same rule. It is not within the discretion of the court to relax or modify the restraining order in order to allow her claim to be proved otherwise than as directed by rule 55. The Supreme Court in Providence, etc., Co. v. Hill, etc., Co., 109 U. S. 578, 3 Sup. Ct. 379, 27 L. Ed. 1038, has declared the meaning and purposes of these rules in terms which leave no room for doubt that the continuance of other suits for the same loss or damage in other courts during the pendency of limited liability proceedings in the District Court is one of the things the rules were expressly intended to prevent. It is there said to be hardly possible to read the rules in connection with the act "without perceiving that, after proceedings have been commenced in the proper District Court in pursuance thereof, the prosecution pari passu of distinct suits in different courts, or even in the same court by separate claimants is, and must necessarily be, utterly repugnant to such proceedings and subversive of their object and purpose." Page 594 of 109 U. S., page 389 of 3 Sup. Ct. (27 L. Ed. 1038). Neither the limited liability act nor the rules contemplate, as does the bankruptcy act (sections 57n, 63b, Act July 1, 1898, c. 541,

30 Stat. 561, 563 [U. S. Comp. St. 1901, pp. 3444, 3447], the liquidation of disputed claims by litigation in other courts. The admiralty courts are the appropriate courts to administer the relief provided for by the act, and it is recognized as a necessity that the court exercising the jurisdiction in any case should have exclusive control of the case. Providence, etc., Co. v. Hill, etc., Co., 109 U. S. 578, 595–598, 3 Sup. Ct. 379, 27 L. Ed. 1038. No modification of the injunction against prosecution of suit, except in these proceedings, can therefore be allowed.