MONONGAHELA RIVER CONSOL. COAL & COKE CO. et al. v.
HURST et al.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1912.)

No. 2,324.

1. SHIPPING (§ 209*)—DECREE FOR DAMAGES—EFFECT OF PROCEEDING FOR LIMITATION OF LIABILITY.

A proceeding by a vessel owner for limitation of liability, after the recovery against him of decrees for damages in collision suits, does not affect the status of such decrees as final adjudications, both as to liability and amount of damages.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

2. SHIPPING (§ 209*)—LIMITATION OF LIABILITY—TIME OF TAKING PROCEEDINGS—WAIVER OF RIGHT.

While a vessel owner may assert his statutory right to a limitation of liability directly in a suit against him for collision, he is not bound to do so, but may contest the suit, and in case of recovery by libelant may thereafter institute and maintain a proceeding for such limitation as against the decree; and such right is not waived by excepting to the libel in the collision suit, on the ground that it did not negative the facts that would entitle respondent to limitation under the statute.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*]

3. SHIPPING (§ 209*)—LIMITATION OF LIABILITY—WAIVER OF RIGHT.

The right of a vessel owner to a limitation of liability, as against a decree for collision damages recovered against him in a suit in personam, given by Rev. St. § 4283 (U. S. Comp. St. 1901, p. 2943), is not waived by the giving of a supersedeas bond on appeal from such decree, but the liability of both principal and surety on such bond is impliedly subject

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to such limitation, if the right shall be subsequently established; but in such case the petitioner may properly be required, as a condition to the granting of such relief, to pay the costs of both courts in the collision suit.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646–655, 659, 661, 662; Dec. Dig. § 209.*

Limitation of owner's liability, see note to The Longfellow, 45 C. C. A. 387.]

Denison, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Western District of Tennessee.

Proceeding in admiralty by the Monongahela River Consolidated Coal & Coke Company and the Huntington & St. Louis Towboat Company for limitation of liability. Pleas in bar by Mrs. Emma Hurst and Mrs. Bessie Schinnerer were sustained, and petitioners appeal. Reversed.

See, also, 196 Fed. 375.

Under libels in personam filed May 13, 1910, in the District Court of the United States for the Western District of Tennessee, against the appellants, decrees, each in the sum of $10,000, were rendered January 28, 1911, in favor of the respective appellees, for damages on account of the deaths of the husbands of appellees, respectively, occasioned by a collision occurring January 30, 1910, on the Mississippi river near Memphis, between a launch, in which decedents and others were riding, and the steamer Enterprise, owned by the appellant Monongahela River Coal Company, but then under charter by the appellant Huntington Towboat Company. Appeals from the respective decrees were taken to this court February 16, 1911; a supersedeas bond being given in each case for $10,000, conditioned that appellants shall "prosecute their appeal with effect and shall answer and pay all damages, interest, and costs which may be decreed against it, including costs and interest on appeal, in case it fails to make good its plea." On March 5, 1912, after the appeals had been submitted to this court for decision, appellants filed in the District Court for the Western District of Tennessee a petition for limitation of liability under the federal statutes. Rev. St. § 4283 et seq. (U. S. Comp. St. 1901, p. 2943). This limitation proceeding was not brought to the attention of this court, and on March 13, 1912, the decrees of the District Court were here affirmed. 196 Fed. 375.

To the libels in the collision cases appellants had excepted, first, because their liability under the federal statute was limited to their respective interests "in the vessel alleged to have caused the damage averred, whereas the libel contains no averment touching the value of said vessel, nor the quantum of interest therein of each of the respondents", etc.; and, second, because the libel failed to allege a failure by appellants to use due diligence in the respects referred to in section 3 of chapter 105 of the act of February 13, 1893 (27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]), known as the "Harter Act." The District Court overruled the exceptions; the opinion stating that appellants were given until a stated date in which "to file their answers and to take such further steps to obtain the benefit of section 4283 as they may be advised." The order merely overruled the exceptions, giving until the date stated in which to answer the libel. Answers were filed to the libels in collision, but no further steps were taken in the collision suits to claim the benefit of limited liability. The overruling of the exception to the libels was assigned as error in this court on the appeal from the decrees in the collision suits, but the assignment was not pressed. These matters, together with the giving of the supersedeas bond on appeal to this court, were pleaded in the District Court in bar of the proceeding to limit liability. The plea was sustained, and the proceedings dismissed, so far as appellees are con-

cerned.   The value of the steamer, its pending freight, and its barge and "flat" in tow at the time of the collision, were appraised in the aggregate amount of $8,500, and bonds were given to that extent for the payment of such amounts as should be awarded by final decree in the limitation proceedings.  This court denied a motion for rehearing in the collision cases, but stayed its mandate until hearing and decision upon the appeal in the limitation proceeding.  When the proceeding to limit liability was begun, a suit had been brought against appellants, and was pending in a state court, for the recovery of damages for the death of a third occupant of the launch.  It was conceded on the argument that recovery has been had in that suit.  The amount of the recovery does not appear.  There is possibility of another suit by the owner and fourth occupant of the launch.

Frank S. Masten, of Cleveland, Ohio, Charles M. Johnston, of Pittsburgh, Pa., Chas. H. Stephens, of Cincinnati, Ohio, and Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for appellants.

Wm. R. Harrison, of Memphis, Tenn., for appellees.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge (after stating the facts as above).  Section 4283 of the Revised Statutes (Act March 3, 1851, c. 43, 9 Stat. 635 [U. S. Comp. St. 1901, p. 2943]), provides that:

"The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing lost, damage, or forfeiture, done, occasioned or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel; and her freight then pending."

The effect of section 4284 (U. S. Comp. St. 1901, p. 2943) is to provide a general average of loss in case the value of the vessel and freight is insufficient to make full compensation to all sustaining loss. Butler v. Boston, etc., S. S. Co., 130 U. S. 527, 551, 9 Sup. Ct. 612, 32 L. Ed. 1017.  Under section 4286 (U. S. Comp. St. 1901, p. 2944) a charterer is given the benefit of the statute in case he mans, victuals, and navigates the vessel at his own expense or by his own procurement (Thorp v. Hammond, 12 Wall. 408, 416, 20 L. Ed. 419); the owner retaining the benefit of the statute notwithstanding such chartering (Quinlan v. Pew [C. C. A. 1] 56 Fed. 111, 119, 5 C. C. A. 438). The effect of the statute is to leave the owner and charterer liable without limit for their own negligence, and liable only to the extent of their interest in the vessel and freight for the negligence of the master and crew.  Liverpool, etc., Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 440, 9 Sup. Ct. 469, 32 L. Ed. 788; Great Lakes Towing Co. v. Mill Transportation Co. (C. C. A. 6) 155 Fed. 11, 18–19, 83 C. C. A. 607, 22 L. R. A. (N. S.) 769.  The statute applies to death claims (Butler v. Steamship Co., supra), and, by express amendment of 1886, to vessels used on navigable rivers (Rev. St. § 4289 [U. S. Comp. St. 1901, p. 2945]); In re Garnett, 141 U. S. 1, 14–15, 11 Sup. Ct. 840, 35 L. Ed. 631).  Under admiralty rules Nos. 54 to 58 (29 Sup. Ct. xlv, xlvi), the benefit of the statute can be had under libel filed by the owner in a District Court, appraisement of such owner's

interest in the vessel and pending freight, and the bringing of the amount of such appraisal into court, by either (a) actual payment into court; or (b) giving stipulation for such payment when ordered; or (c) the transfer by libelant of his interest in the vessel and freight to a trustee appointed by the court, as provided by section 4285 (U. S. Comp. St. 1901, p. 2944).

[1] The proceeding to limit liability will not affect the status of the appellees' decrees in the collision suits. Those decrees are final adjudications, both as to liability and amount of damages. Norwich Co. v. Wright, 13 Wall. 104, 122, 20 L. Ed. 585; The Benefactor, 103 U. S. 239, 26 L. Ed. 351; The Scotland, 105 U. S. 24, 36, 26 L. Ed. 1001; Providence, etc., S. S. Co. v. Hill Mfg. Co., 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038; Gleason v. Duffy (C. C. A. 7) 116 Fed. 301, 54 C. C. A. 100. But if appellants' liability shall be limited, only a small portion of appellees' decrees can in fact be paid.

[2] It is clear that appellants' action in respect to their exceptions to the libels in collision was not a waiver of the benefit of the statute. As to the second exception, it is enough to say that the Harter Act concerns only the relations between the vessel and her cargo, and so has no application here. The Delaware, 161 U. S. 459, 470, 16 Sup. Ct. 516, 40 L. Ed. 771.

As to the first exception: While it is true that appellants had the right to take the benefit of the limitation of liability directly in the collision suits (The Scotland, supra, 105 U. S. 31, 26 L. Ed. 1001; The Great Western, 118 U. S. 520, 525, 526, 6 Sup. Ct. 1172, 30 L. Ed. 156), they were not bound to do so. They had the right to first contest liability for the collision in any court, state or federal, in which action therefor might be brought, including the appellate court of last resort, without raising the question of limitation, and without thereby waiving the right to take the benefit of the statute. The Benefactor, supra, 103 U. S. 244, 26 L. Ed. 351; The City of Norwich, 118 U. S. 468, 489, 6 Sup. Ct. 1150, 30 L. Ed. 134; The San Pedro, 223 U. S. 365, 372, 32 Sup. Ct. 275, 56 L. Ed. 473; Gleason v. Duffy, supra, 116 Fed. 298, 301, 54 C. C. A. 100. The first exception did not amount to a claim of the benefit of the statute. It did not allege lack of personal fault on the part of vessel owner or charterer. It was addressed only to the sufficiency of the pleading. It was properly overruled, and the assignment of error thereon was without merit. The giving of time to appellants to take steps to get the benefit of the statute was permissive only. The court could not have required, and did not attempt to require, appellants to take advantage of such permission at the peril of losing the right of limitation.

[3] The question, however, of the effect of giving the supersedeas bond presents more difficulty. While the mere appeal to this court from the decision in the collision suit was not a waiver of the limitation statute, yet the bond was not necessary to such appeal, but only to effect a stay of proceedings pending appeal. Rev. Stat. §§ 1000 and 1007;[1] Sup. Ct. Rule No. 29 (3 Sup. Ct. xvi); Stafford v. Union Bank, 16 How. 135, 139, 14 L. Ed. 876; Sage v. Railroad Co., 93 U. S. 412, 417, 23 L. Ed. 933; Goddard v. Ordway, 94 U. S. 672, 24

[1] U. S. Comp. St. 1901, pp. 712, 714.

L. Ed. 237; Ex parte French, 100 U. S. 1, 4, 25 L. Ed. 529. Had the supersedeas not been taken, appellees could, notwithstanding the appeal, have taken out execution upon the decrees against the real and personal property of appellants. Admiralty Rule No. 21 (29 Sup. Ct. xli); Ward v. Chamberlain, 2 Black, 430, 17 L. Ed. 319. In such event, in order to effectually preserve the right to limitation, appellants would have been compelled, as a practical proposition, at once to assert their rights under the limitation statute. And, without so doing, they were enabled, by giving the supersedeas bond, to retain the possession and beneficial use of the vessel pending appeal.

The contention that they thereby elected to substitute the responsibility of the surety on the supersedeas bond for the security of the vessel and its freight, and so waived the benefit of the limitation statute, is plausible. But does this view give full effect to the language of the statute and to its intention as construed by the courts? We are constrained to believe it does not. The purpose of the statute was to encourage shipbuilding and to bring our system of admiralty, in respect to personal liability, into harmony with the general maritime law of modern Europe. Norwich Co. v. Wright, 13 Wall. 104, 116, 20 L. Ed. 585; Butler v. S. S. Co., supra; The City of Norwich, 118 U. S. 468, 490, 6 Sup. Ct. 1150, 1155 (30 L. Ed. 134). It expressly declares that:

"The liability of the owner of any vessel * * * for any * * * thing * * * done without the privity, or knowledge of such owner or owners shall *in no case* exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

The construction of this statute has been uniformly liberal. In the case of The Benefactor, Justice Bradley said (103 U. S. 244, 26 L. Ed. 351):

"But since *the statute is imperative* that where a loss occurs in a vessel, by embezzlement or by collision or other thing, without the privity or knowledge of the owner, his liability 'shall *in no case* exceed the amount or value of his interest in the vessel and her freight then pending,' it would be a questionable exercise, by this court, of its power to regulate the proceedings, if, by such regulation, it should prevent a party from having the benefit of the law unless he took initiatory steps for that purpose before it appeared that he was liable at all." (Italics ours.)

And again (103 U. S. 245, 26 L. Ed. 351):

"Precisely when the owners of a ship in fault ought to be regarded as precluded from instituting proceedings for a limitation of liability might be difficult to state in a categorical manner. Perhaps they can never be precluded so long as any damage or loss remains unpaid."

In The City of Norwich, 118 U. S. 468, 502, 6 Sup. Ct. 1150, 30 L. Ed. 134, it was held that the limitation of liability is applicable to proceedings in rem against the ship as well as to proceedings in personam against the owner; that the limitation extends to the owner's property, as well as to his person; that the right to proceed for limitation of liability is not lost or waived by a surrender of the ship to the underwriters; and that the owner may retain his insurance notwith-

standing the proceeding for limitation. In that case Justice Bradley speaks of—

"the absolute declaration of the statute that his [the owner's] liability shall not exceed the amount or value of the ship and freight."

In Hughes on Admiralty, § 172, it is said:

"The owner may take advantage of the statute at any time before he is actually compelled to pay the money. Under the American practice he may contest his liability for any damages at all, fight that through all the courts, and, if finally defeated, take advantage of the statute."

In Benedict on Admiralty (4th Ed.) § 520, the author says:

"There seems to be no limit of time, the expiration of which will cut off the owner of the vessel from taking advantage of the provisions of the stat-ute. * * * He may wait until he is sued, and defend the case, and appeal from an adverse verdict, and, after affirmance by the appellate court, still file his libel for limitation of his liability."

The Supreme Court has not passed upon the question whether the giving of a supersedeas bond on appeal, in an action in personam, is a waiver of the limited liability statute. The Circuit Court of Appeals for the Seventh Circuit, in the case of Gleason v. Duffy, supra, has answered the question in the negative. In that case the action for damages was in a state court, and was appealed to the Supreme Court of the state. In that case, as in this, a supersedeas bond was given on the appeal. There, also, the bond was not essential to appeal, but was necessary only to stay proceedings pending appeal. Burns' Ann. St. Ind. 1908, §§ 679–683; Mitchell v. Gregory, 94 Ind. 363, 365. The court (in the Gleason Case) said:

"The appeal taken by the owners in the state court was properly resorted to in contestation of their liability, and to correct any supposed errors of the trial court. They had legal right to do that, and should be no more con-cluded by the exercise of that right than by the defense of the case in the trial court. The bond which they gave upon appeal was one which the law required them to give in order that they might *properly and safely* present their contention to the appellate court. We do not think that that should preclude them from asserting their rights under the statutes of the United States." (Italics ours.)

The decision in Cook v. Smith (C. C. A. 3) 187 Fed. 538, 109 C. C. A. 304, which is relied upon by appellees, rested upon peculiar facts, and is not, we think, in conflict with the Gleason Case.

It was the evident purpose of the limitation statute to make the liability of an owner or charterer, when not personally in fault, pre-cisely the same, whether suit is brought in personam or in rem. The view that the giving of the supersedeas bond, and the consequent stay of execution necessary to the complete preservation of appellants' rights pending appeal, did not constitute a waiver of the then exist-ing right to limit liability, if and when such liability should be estab-lished, is, we think, more consonant with the language and spirit of the statute, and more in harmony with the decisions thereunder, than is the contrary view. The record does not indicate that appellants intended to abandon the benefit of the statute, should occasion arise for invoking it. The only substantial advantage which appellants

gained through the supersedeas was a postponement of the time when resort to the limitation statute must be had; and the only injury suffered by appellees is through such delay as may have resulted in ultimately realizing the amount apportionable to their decrees. Had appellants prevailed on the appeal to this court in the collision suits, such resort might never have been necessary, and the right to such postponement of limitation proceedings until after the fixing of liability is, as has already been said, well settled. Thus, through the supersedeas bond, appellants have practically preserved only the right which the statute was intended to give them, and a right which could have been preserved (without a surrender of the vessel) by giving (instead of a supersedeas bond) a stipulation under the limitation procedure for payment of the appraised value of vessels and freight into court when ordered. We think it the better view that the obligation of the surety was only coextensive with that of the principal, that the liability incurred under the supersedeas bond was impliedly subject to the enforcement of the limited liability statute, and would be itself superseded, at least pro tanto, by the decree limiting such liability. We see no merit in the proposition that the surety can be held to full liability, notwithstanding the discharge of the principal. Decisions based upon the express provisions of the bankruptcy act are not in point.

It follows from this view that the plea in bar to the petition to limit liability should not have been sustained. We think, however, that the District Court might properly, in view of the delay in instituting the limitation proceedings, require, as a condition of relief, the payment of the costs recovered by appellees in the collision suits, both in the District Court and in this court. Gleason v. Duffy, supra, 116 Fed. 303, 54 C. C. A. 100; Benedict's Admiralty (4th Ed.) § 520. We also think a stipulation for the payment of interest on the value of the vessel, her tows and freight from the time when execution could (but for appeal) have issued upon the decrees below in the collision suits, might properly be required.

The order of the District Court appealed from is reversed, with costs, and with directions to take proceedings not inconsistent with this opinion. To prevent possible embarrassment, the mandate in the collision suits will go down contemporaneously with the mandate in the instant suit.

DENISON, Circuit Judge (dissenting). When the vessel owner, confronted with a judgment in personam, has the right to bring his vessel, or its substitute, into court and himself go free, but instead deliberately chooses to procure a stay of execution by giving his solemn undertaking, with surety, that he will pay the judgment in full if it is affirmed, I am convinced that he elects between inconsistent remedies. The contrary view compels us to read into the supersedeas bond a condition which is not there, makes the giving of the bond an ineffective form, and permits the process of the law to be stayed by a promise which the promisor never means to keep—unless convenient. The owner's right to a day in court for his defense, wherever

he is sued, is an absolute right. The power to proceed affirmatively to overturn a judgment is a privilege given by the law of the jurisdiction; and if that privilege may be had only by compliance with a condition, then, if the owner buys that privilege, he should pay the price he agrees to pay. The declared beneficent purpose and the required liberal construction of the statute are satisfied, if the vessel owner is permitted to reserve his privilege while he is making his full defense in the personal action but is required to claim or to forfeit that privilege before taking an affirmative remedy leading in a different direction.

This belief, and the absence of any controlling authority to the contrary, compel me to dissent.