SOCIÉTÉ NAPTHÉS TRANSPORTS v. BISSO TOWBOAT CO. et al.

(Circuit Court of Appeals, Fifth Circuit. March 17, 1917. Rehearing Denied April 28, 1917.)

No. 2899.

1. ADMIRALTY ⬤⇒54—STIPULATION FOR RELEASE OF VESSEL—CANCELLATION.
    An admiralty court may properly cancel a stipulation for release of a vessel libeled in collision, given without appraisal, on the subsequent institution of proceedings by the owner for limitation of liability and the giving of a bond for the appraised value of the vessel.
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 443–447.]

2. SHIPPING ⬤⇒209(1)—LIMITATION OF LIABILITY—RIGHT TO RELIEF.
    Proceedings for limitation of liability of a vessel owner under Rev. St. § 4283 (Comp. St. 1916, § 8021), supersede all other actions and suits for the same loss or damage in the federal and state courts, and the right to such limitation is not waived by the giving of a stipulation for release of the vessel in a suit for collision.
    [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 650.]

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in admiralty for collision by the Société Napthés Transports against the towboat W. A. Bisso, the Bisso Towboat Company, claimant, and the steamship Crown of Galicia, the Crown Steamship Company, Limited, claimant. From a decree canceling bond given for release of the Bisso, libelant appeals. Affirmed.

Richard B. Montgomery, of New Orleans, La., for appellant.

John D. Grace, George Denegre, Victor Leovy, and Henry H. Chaffe, all of New Orleans, La., for appellees.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PARDEE, Circuit Judge. It appears that, while the towboat W. A. Bisso was proceeding up the Mississippi river with the steamship Crown of Galicia in tow, the motorship Motrocine, descending the river, ran into the Crown of Galicia, and herself sustained material damage. Thereafter a libel was filed by the owners of the Motrocine, against both the steamship Crown of Galicia and the towboat W. A. Bisso, charging both of these vessels with fault in this collision, and seeking to recover damages. In due time each of the libeled vessels was bonded out, but it does not appear that there was any agreed valuation put on the W. A. Bisso. It appears to be nothing more than an ordinary release bond in the sum of $75,000.

[1] A short time after the above proceeding was had, the owners of the steamship Crown of Galicia brought suit against the motor vessel Motrocine, charging her with fault for the collision; and as a result thereof, the owners of the Motrocine again proceeded against the tug W. A. Bisso, asking that, if judgment be rendered against them, judgment be accorded in their favor against the W. A. Bisso. Thereupon the owners of the W. A. Bisso petitioned the court for a limitation of liability, asked that appraisement of the W. A. Bisso be made in accordance with law, and that they have leave thereafter to give a valuation bond, and that all claims for damages which were or might be presented against this towboat, growing out of said collision, be referred to the said valuation bond. Accordingly appraisers were duly appointed, qualified, and sworn, and in time brought in their report, appraising the said W. A. Bisso at $55,000.

These appraisers were called to the stand and cross-examined by the appellants herein; and appellants produced such testimony as they desired, and had previously, before appraisement was made, submitted such facts as counsel for appellants cared to submit before the appraisers had made their report. Thereafter the appraisers determined the value of the towboat at $55,000, and submitted their report to the court. After hearing all parties in interest, the court confirmed the appraisement. Thereupon appellee filed a bond for value, and asked that this bond stand in place of the W. A. Bisso, and that the original and all other claims be referred to this bond, and that the release bond given first above mentioned be canceled.

After all parties in interest were heard, the court determined the issues as follows:

"Whereupon, after hearing all parties, it was ordered that cause entitled 'Société Napthés Transports v. Steamship Crown of Galicia and Tugboat W. A. Bisso,' wherein the Crown Steamship Company, Limited, claimants of the Crown of Galicia, and cross-libelants, and the Bisso Towboat Company are claimants of the tugboat W. A. Bisso, and cross-libelants, which cause is numbered 15234 of the docket of the court, be, and the same is hereby, ordered consolidated for purposes of trial, with cause entitled 'In re Bisso Towboat Company, Praying for a Limitation of Liability,' numbered 15253 of the docket of this court.

"And, upon motion of John D. Grace, as proctor for the said Bisso Towboat Company, it was further ordered that the bond given by said Bisso Towboat Company in the sum of seventy-five thousand dollars ($75,000) to secure the release of said towboat W. A. Bisso in cause entitled 'Société Napthés Transports v. Steamship Crown of Galicia and Towboat W. A. Bisso,' be, and the

same is hereby, canceled and annulled, reserving to said libelant their right against the bond of fifty-five thousand dollars, given in the proceeding for the limitation of liability numbered 15253 of the docket of this court.

"Upon the disposition of the rule, answer, and exceptions thereto, and consolidation of the said cause No. 15234 and 15253 of the docket of this court, and cancellation of release bond executed by the Bisso Towboat Company, as above set out, the Société Napthés Transports, by its proctor, moved for a rehearing, with respect to the foregoing order, in so far as the cancellation of said bond is directed; whereupon the court ordered rehearing refused."

From that order this appeal has been taken, assigning as error in various forms solely the question of the illegality of that part of the decree which orders the $75,000 bond filed to secure the release of the towboat W. A. Bisso to be canceled.

Section 4283, Revised Statutes (Comp. St. 1916, § 8021), reads as follows:

"The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, lost, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

Sections 4284, 4285, and 4286 (Comp. St. 1916, §§ 8022–8024) relate to procedure under section 4283.

[2] It seems to be settled that proceedings to limit the liability of shipowners under said section supersede all other actions and suits for the same loss or damage in the state and federal courts. See Providence & New York Steamship Co. v. Hill Manufacturing Co., 109 U. S. 578, 3 Sup. Ct. 379, 27 L. Ed. 1038; also Monongahela River Consolidated Coal & Coke Co. v. Hurst, 200 F. 711, 119 C. C. A. 127. In this last-cited case it is held that the right of a vessel owner to a limitation of liability under the statute as against a decree for collision damages is not waived by the giving of a supersedeas bond or appeal from such decree, but the liability of both principal and surety on such bond is impliedly subject to such limitation, citing The Scotland, 105 U. S. 31, 26 L. Ed. 1001, and The Great Western, 118 U. S. 520, 6 Sup. Ct. 1172, 30 L. Ed. 156, et seq.; and in that case it was further held that the shipowner had the right to first contest liability for the collision in any court, state or federal, in which suit therefor might be brought, including the appellate court of last resort, without raising the question of limitation, and without thereby waiving the right to take the benefit of the statute, and numerous cases are cited in support thereof.

It would seem that section 4283, R. S., supra, and sections 4284, 4285, and 4286, relating to procedure thereunder, being in full force at the time the release bond of $75,000 was made and filed, the said sections were practically written into said bond, and to be considered as controlling in construing the force and effect of the same.

It follows that none of the assignments of error are well taken, and the decree appealed from should be affirmed; and it is so ordered.