## In re ATLANTIC GULF & WEST INDIES S. S. LINES et al.

District Court, S. D. New York.   June 3, 1927.

Admiralty ☞48—Libelant, failing to issue process against vessel through reliance on agreement to bond, held entitled to modification of injunction in proceedings to limit liability brought in another district (Comp. St. §§ 8021–8023).

Where proctors for owner, when advised of salvor's intended libel, advised proctors for salvor that they intended to file petition for limitation of owner's liability, and that it would not be necessary for salvor to begin suit, but nevertheless agreed to bond ship on filing of libel, with result that salvors on filing libel did not issue process, but obtained assurances that bond would be filed, and where owners thereafter filed petition in another district for limitation of liability under Rev. St. §§ 4283–4285 (Comp. St. §§ 8021–8023), and refused to bond vessel as agreed, held, salvor was entitled to have injunction order in limitation proceeding modified, so as to permit salvor to issue process against vessel in libel brought by it.

In Admiralty. In the matter of the petition of the Atlantic Gulf & West Indies Steamship Lines and the International Shipping Corporation for limitation of liability. On motion of the Federal Shipbuilding & Dry Dock Company for order modifying injunction. Motion granted to extent stated in opinion.

On motion of Federal Shipbuilding & Dry Dock Company, appearing specially, for an order to modify the usual injunction order which has been issued in this proceeding for the limitation of the liability of the owners of the tank steamer Agwisun, pursuant to R. S. §§ 4283–4285 (Comp. St. §§ 8021–8023), so as to permit the moving party to issue process against the vessel in an action brought by it as libelant in the District Court for the Eastern District of New York, or, in the event that the vessel cannot be found within the Eastern District, so as to permit the institution of an action for the same cause of action in any District Court of the United States in the jurisdiction of which the Agwisun may be found.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Edwin S. Murphy, of New York City, of counsel), for Federal Shipbuilding & Dry Dock Co.

Burlingham, Veeder, Masten & Fearey, of New York City (P. Fearson Shortridge, of New York City, of counsel), for petitioners.

THACHER, District Judge (after stating the facts as above). On March 7, 1927, proctors for Federal Shipbuilding & Dry Dock Company advised proctors who have since filed the petition herein in behalf of the owners of the tank steamer Agwisun that they intended to file a libel in the Eastern District of New York against the Agwisun for salvage services. Proctors for the owner at that time advised proctors for the salvor that they intended to file a petition for the limitation of the owner's liability to the value of their interest in the vessel, and that it would not be necessary for the salvor to begin suit because the suit would soon be stayed by the injunction issued in the limitation of liability proceedings. Proctors for the salvor nevertheless stated that they intended to file a libel, and asked if the ship would be bonded, and were advised by the proctors for the owners that they would bond. Upon filing the libel, and pursuant to the practice which prevails among proctors representing shipping interests, the process was not issued, but assurances were obtained from the proctors representing the owners that a bond would be filed in the libel proceedings. Agreement was reached between the proctors that a joint and several stipulation for value in the sum of $30,000 should be filed by the owners, and that this would be accepted in lieu of a surety bond.

The Atlantic, Gulf & West Indies Steamship Lines appeared as owner in the suit pending in the Eastern district and made claim to the Agwisun. Thereafter, on March 25, 1927, a stipulation for value in the sum of $30,000, jointly executed by Atlantic Gulf & West Indies Steamship Lines and International Shipping Corporation, was submitted to proctors for the salvor, but was returned because of a formal objection, which proctors for the owners agreed to correct. Thereafter, on April 4, 1927, the petition in this

proceeding in the Southern district of New York was filed, and thereafter the usual injunction order went forth, enjoining prosecution of claims pending this proceeding to limit liability. Proctors for the owners have since refused to file a stipulation for value in the Eastern district, and in a memorandum presented in opposition to this motion state that the question here presented "is whether or not filing the ad interim stipulation for value in this proceeding is a performance of the agreement of proctors for petitioners to file bond in behalf of the Agwisun."

I think there can be no doubt that the agreement to file bond in behalf of the Agwisun was an agreement to file bond in the Eastern district, and that the commencement of proceedings to limit liability and the filing of an ad interim stipulation in this district was not a compliance with what was fairly understood and intended by the proctors. But certainly, if there has been but a technical departure from the agreement of proctors, by which the rights of the salvor have in no way been prejudiced, and if the filing of a bond in the Eastern district would be an entirely useless and vain thing, of no value under any conceivable circumstances to the salvor, this motion, I think, involving as it does the lifting of an injunction, should be denied. And the proctors for the owners insist that this is the case here presented.

In considering this question, the court should not endeavor to foresee all eventualities, and to now determine the salvor's ultimate right to proceed in the Eastern district or elsewhere for the enforcement of his claim after this proceeding terminates, for that would be a most pernicious thing for any court to do until the question shall actually arise. It will be enough to inquire whether under any conceivable circumstances the result of this proceeding to limit liability may furnish grounds not utterly frivolous for insistence by the salvor upon a right to proceed in the Eastern district. Certainly the right cannot be determined until the fact upon which it is predicated—namely, the termination of the proceedings to limit liability—has occurred. But the right of the salvor to await that contingency with ample security in place of the ship which he might have seized should be preserved, if the agreement to bond is to be performed.

Certainly, if the doubt expressed in Huasteca Petroleum Co. v. Cia de Navegacao Lloyd Brasilerio (D. C.) 297 F. 318, 326 and In re Oceanic Steam Navigation Co. (C. C. A.) 204 F. 260, as to the effect of the denial of the right to limit liability upon suits pending elsewhere, still exists, it cannot be said with certainty that under no circumstances will the salvor ever be entitled to proceed with his suit in the Eastern district. The doubt expressed in these cases has been limited, if not removed, by the recent decision of the Supreme Court in Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 273 U. S. 207, 47 S. Ct. 357, 71 L. Ed. —— (October term, 1926, No. 45; decided February 21, 1927), where it was held that, upon denial of the right to limit, the claimants who had appeared in the limitation proceedings might nevertheless seek satisfaction from the surety upon an ad interim bond.

Quite recently, in The Aquitania (D. C.) 14 F.(2d) 456, Judge A. N. Hand dismissed a petition for limitation of liability under circumstances which will permit the prosecution of a suit at law. Nor am I aware of authoritative decisions which have declared the law upon the question referred to by Judge Hough in The Titanic (D. C.) 204 F. 295, where he says, after reviewing the authorities: "It does not appear from any of these cases what would be the effect of an ultimate denial of limitation upon a party injured who had never come into the limitation proceeding."

Should the salvor conclude not to appear in the limitation proceeding, and to take his chance that the right to limit will be denied in his absence, he would be in a position to insist, with much reason, upon his right to proceed with his suit in the Eastern district and have satisfaction upon the bond which was promised. Certainly that question should not here be determined, nor should he be deprived of his right to assert it in the Eastern district, should the outcome of this proceeding justify its assertion.

Another element of prejudice to the salvor, I think, is found in the fact that, had the agreement to furnish a bond not been made, process undoubtedly would have been issued, the vessel would have been seized in the Eastern district, and the proceeding to limit liability in this district would have become impossible.

The motion, I think, should be granted to this extent: That the moving party be permitted to issue process against the vessel, unless the bond which was promised is filed in the Eastern district suit forthwith, and that upon the filing of the bond or the issuance of the process the further prosecution of the suit in the Eastern district shall be stayed pending the determination of this proceeding to limit liability. In reaching this conclusion I am not unmindful of the great importance to

the owners of ships that they be not delayed in the prosecution of their business by the issuance of process, where such annoyance can be avoided without prejudice to the rights of litigants, and I think it quite important that this court should encourage and uphold the practice of its proctors in making agreements to immediately bond vessels upon information from the proctors for libelants that a libel has been filed.

Informal as this practice is, its discontinuance would impose intolerable burdens upon the business of transportation in this port. It should be added that the question here presented has been presented by the proctors for both parties in a spirit of fairness and solicitude that this salutary practice should not be impaired.