## THE ARMINDA.

### No. 12425.

District Court, E. D. New York.
May 19, 1931.

Lord, Day & Lord and Allan B. A. Bradley, all of New York City, for Silver Line, Limited.

Foley & Martin and Jas. A. Martin, all of New York City, for petitioner.

CAMPBELL, District Judge.

This is a motion for an order directing that the vessel Arminda remain in the custody of the United States marshal until the determination of this proceeding, unless the petitioner file a bond in favor of Silver Line, Limited, to be approved by this court, in the amount of $15,000.

On March 18, 1931, the MV Arminda, owned by the petitioner herein, and the MV Silveryew, owned by the Silver Line, Limited, were in collision in New York Harbor, resulting in serious damage to both vessels.

On April 1, 1931, Silver Line, Limited, filed in the office of the clerk of this court its libel in a cause of collision, civil and maritime, claiming damages in the sum of $15,000.

Thereafter extensive repairs were made to the MV Arminda, costing upwards of $50,000.

Thereafter and on the 28th day of April, 1931, the United States marshal of this district, in pursuance of process, attached the said MV Arminda.

Thereafter and on the 29th day of April, 1931, the petitioner, as owner of the MV Arminda, filed a petition in the office of the clerk of this court praying for exoneration from and limitation of its liability as owner of said vessel by reason of said collision, and filed the necessary affidavits, and an ad interim stipulation for value in the sum of $11,250, and a restraining order issued; whereupon notice of this motion was given.

The claims of the Silver Line, Limited, if any, arise solely out of the collision.

This is an attempt to compel the petitioner to give security for an increase of value in the res subsequent to the collision.

The statute does not require the giving of any such security.

This is not a case where a bond has been given or security other than the res to be surrendered has been obtained.

Nor is it a case where there has been a promise made to give a bond on which the claimant has relied.

This court carefully considered the whole question in Huasteca Petroleum Co. v. Cia de Nav. Lloyd Brasileiro, 297 F. 318, and it seems unnecessary to do more than cite that decision.

The instant suit is clearly distinguishable from the case last cited, in that in the instant suit the res to be surrendered in the limitation proceeding is that which was taken by the United States marshal of this district, and therefore the decision in Societe Napthes Transports v. Bisso Towboat Co. (C. C. A.) 241 F. 463, is controlling.

The case of In re Atlantic Gulf & West Indies S. S. Lines (D. C.) 20 F.(2d) 975, is not in point, as there was no promise shown by the petitioner in the instant suit to file a bond, and therefore no equity arose in behalf of claimant by reason of the failure to keep such a promise.

If the ad interim stipulation is not sufficient under the statute, the claimant has a complete remedy.

The motion is denied. Settle order on notice.